**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 22-cv-02637-RM-SKC

PHELPS OIL AND GAS, LLC, on behalf of itself and a class of similarly situated royalty owners,

    Plaintiff,

v.

NOBLE ENERGY, INC., and
DCP MIDSTREAM, LP

    Defendants.

---

## ORDER
---

Before the Court are Plaintiff's Motion to Remand (ECF No. 19), asserting that the Court lacks subject matter jurisdiction over this matter, and Defendants' Motion to Re-Enter Judgment (ECF No. 23), asserting that the Court should re-enter judgment in Defendants' favor or, in the alternative, re-file the dispositive motions that preceded the judgment (now vacated) that was entered after the Court erroneously denied Plaintiff's previous motion to remand. Both Motions have been fully briefed. (ECF Nos. 23, 24, 28, 34, 35.) For the reasons below, Plaintiff's Motion is denied, and Defendants' Motion is granted in part.

**I.    BACKGROUND**

Defendant Noble Energy ("Noble") produces natural gas from wells in Colorado and sells it to Defendant DCP Midstream ("DCP") pursuant to various agreements. DCP then processes and sells the gas in various forms. Royalty owners such as Plaintiff receive royalties from Noble

for the gas produced.  A class action settlement known as the Holman Settlement governs the method by which the royalties owed to Plaintiff and the other members of the class were to be calculated from January 1, 2008, going forward.  In March 2010, Defendants executed another agreement, known as the DCP Settlement, which governs certain payment and allocation issues between them.

In August 2014, Plaintiff filed its original class action Complaint in state court, asserting claims against Defendants for, inter alia, breach of contract and unjust enrichment.  Central to its case is the allegation that the DCP Settlement shortchanged the Holman Settlement class out of royalties which they were owed.

The following month, DCP removed the case to this Court based on diversity jurisdiction, where it was assigned to now Senior United States District Judge Robert E. Blackburn.  Plaintiff filed a motion to remand, arguing that the $75,000 amount-in-controversy requirement was not met, *see* 28 U.S.C. § 1332(a), but Judge Blackburn denied the motion.

The litigation proceeded for about five years, during which Plaintiff filed its Revised First Amended Class Action Complaint (ECF No. 5) and Judge Blackburn dismissed or granted summary judgment on all Plaintiff's claims except its breach of contract claim against Noble and its unjust enrichment claim against DCP.  In September 2019, Judge Blackburn granted summary judgment in Defendants' favor on those remaining claims and entered final judgment.

Plaintiff appealed.  The United States Court of Appeals for the Tenth Circuit agreed with Plaintiff's jurisdictional argument, concluding that the amount-in-controversy requirement could not be satisfied by Plaintiff's claim alone; nor could the requirement be satisfied "based on contingent, speculative, or collateral claims that could possibly occur as a result of the

judgment." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1127 (10th Cir. 2021). Therefore, the Tenth Circuit reversed the district court's denial of Plaintiff's motion to remand without addressing the merits of Plaintiff's other arguments. *Id.* at 1129.

On remand, Judge Blackburn vacated several orders and the final judgment and remanded the matter to the District Court for the City and County of Denver, Colorado.

In October 2022, DCP removed the case a second time, this time based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The new case was assigned to a different district judge. (ECF No. 11.) Plaintiff has again moved to remand the matter to state court. Defendants have moved to have the Court re-enter judgment in their favor based on the Court's prior orders or, alternatively, to have their dispositive motions from the previous case re-filed in this case, subject to any necessary supplemental briefing.

## II.  MOTION TO REMAND

Under CAFA, the Court has subject matter jurisdiction to hear a class action if the class has more than a hundred members, the parties are minimally diverse, and the amount in controversy—based on the aggregated claims of the individual class members—exceeds $5,000,000. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Only the amount-in-controversy requirement is in dispute here.

Plaintiff contends that the operative complaint, following the remand to state court, is the original Complaint it filed in August 2014, not the Amended Complaint it filed in December 2015 after removal. Without the civil theft and conversion claims that were added in the Amended Complaint, Plaintiff contends that Defendants cannot meet CAFA's $5,000,000 threshold.

3

In their Response, Defendants first argue that Plaintiff's arguments pertaining to the sufficiency of its Notice of Second Removal (ECF No. 1) are merely procedural—as opposed to jurisdictional—and have been waived because Plaintiff failed to file its Motion within thirty days of the Notice, as required under 28 U.S.C. § 1447(c). *See id.* ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Defendants go on to argue that the Amended Complaint was never stricken or vacated, and that it was the operative complaint at the time of removal. They further argue there is no dispute that the actual amount in controversy for Plaintiff's claims exceeds $5,000,000 and that Plaintiff "has not factually contested this Court's jurisdiction." (ECF No. 24 at 10.)

The Court agrees with Defendants that Plaintiff's Motion, filed in February 2023, is untimely to the extent that it relies on alleged defects in the Notice. However, because district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions sua sponte for lack of jurisdiction, *see City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017), that is not the end of the inquiry.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). But where, as here, the plaintiff contests the defendant's amount-in-controversy allegation, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *See id.* at 88.

Plaintiff does not contest—and the Court discerns no basis for questioning—the amount-

in-controversy allegation in the Amended Complaint. Rather, Plaintiff's Motion is premised on the purported insufficiency of the amount-in-controversy allegation in the original Complaint.

As explained below, the Court disagrees that the original Complaint is the operative complaint and further finds that that even if it were treated as such, the CAFA amount-in-controversy requirement would be satisfied in any event.

First, following remand by the Tenth Circuit, Judge Blackburn vacated the final judgment and several other orders that had been entered, but he specifically found it unnecessary and improper to vacate all orders entered since the case had been removed, including orders setting hearings, orders granting motions to restrict, orders concerning motions for extension of time, and other ministerial orders. Although Judge Blackburn did not specifically mention the order granting Plaintiff's motion for leave to file the Amended Complaint, under the circumstances, there is no indication that he did not intend for it to remain in effect. Plaintiff has presented no authority for the proposition that it should be deemed vacated due to any order by Judge Blackburn or the Tenth Circuit's remand or for any other reason. It is well established that an amended complaint supersedes an original complaint and renders the latter without legal effect. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). Thus, the Court concludes that the Amended Complaint was the operative complaint at the time of the removal pursuant to Defendants' Notice of Second Removal.

Because the Amended Complaint precedes Defendants' Notice of Second Removal, Plaintiff's reliance on cases involving post-removal amendments to the pleadings is misplaced in this context. *See, e.g.*, *Pfeiffer v. Hartford Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (rejecting the idea "that a party may force remand of an action after its removal from state court

by amending the complaint to destroy the federal court's jurisdiction over the action."). Therefore, the principle that "the propriety of removal is judged on the complaint as it stands at the time of the removal," *id.*, is not violated here.

Further, "interests of efficiency and judicial economy favor a policy of giving continued effect to pleadings and motions filed in federal court prior to remand." *Crumpton v. Perryman*, 956 P.2d 670, 672 (Colo. App. 1998). In cases such as this one, after a motion for leave to amend has been granted and the operative complaint has been amended in federal court, judicial economy would not be served by requiring a complete "do-over" following the Tenth Circuit's remand.

Second, in this litigation, Plaintiff has claimed and attempted to prove that Defendants are liable for more than $5,000,000 based on the claims asserted in the original complaint. Although Defendants prevailed on summary judgment, Plaintiff offers no compelling reason why the Court should ignore developments in the case following the filing of the original complaint and conclude that the original complaint does not plausibly allege an amount in controversy that satisfies CAFA. Moreover, in its motion seeking leave to file the Amended Complaint, Plaintiff stated that its claims against Defendant Noble Energy were substantively the same as the claims asserted in the original complaint and that it was asserting the same substantive claim for unjust enrichment against DCP. As a result, Plaintiff's current attempt to identify a material distinction between the original complaint from the operative Amended Complaint is unpersuasive and unavailing.

### III. MOTION TO RE-ENTER OR RE-FILE

Because the Court agrees with Defendants' position that it has subject-matter jurisdiction,

the Court now considers Defendants' Motion and how to proceed with the case. On the current record, the Court discerns no reason why the Court's previously vacated final judgment and orders could not be re-entered in Defendants' favor now that the jurisdictional issue which prompted the Tenth Circuit's remand has been resolved. The Court is not persuaded by Plaintiff's argument that the issue of class certification must be decided before the case can proceed. Under the circumstances, this would unnecessarily prolong the litigation. However, given the procedural posture and history of the case and the fact that the now vacated final judgment was initially entered more than three-and-a-half years ago, the Court will provide an opportunity for supplemental briefing by the parties before proceeding.

## IV.   CONCLUSION

Accordingly, the Court DENIES Plaintiff's Motion to Remand (ECF No. 19) and directs the Clerk to re-file the in this case the following docket entries from Civil Case No. 14-cv-02604-REB-SKC:

(1) DCP's Motion to Dismiss, Plaintiff's Response, DCP's Reply, and DCP's Notice of Supplemental Authorities (ECF Nos. 108, 112, 118, 144);

(2) Noble's Motion for Summary Judgment, Plaintiff's Response, and Noble's Reply (ECF Nos. 143, 146, 148, 152, 190, 192);

(3) Plaintiff's Motion to Amend or Clarify, Noble's Response, and Plaintiff's Reply (ECF Nos. 198, 203, 205);

(4) Plaintiff's Motion for Summary Judgment, Noble's Response, and Plaintiff's Reply (ECF Nos. 158, 135, 136, 150, 151);

(5) DCP's Motion for Summary Judgment, Plaintiff's Response, and DCP's Reply (ECF Nos. 227, 235, 239, 245); and

(6) Noble's Motion for Summary Judgment, Plaintiff's Response, and Noble's Reply (ECF Nos. 228, 229, 234, 238, 244, 250).

For restricted filings, the Clerk shall file both the redacted and restricted versions, maintaining the same level of restriction as to the latter.

The Court GRANTS IN PART Defendants' Motion (ECF No. 23), and the parties are permitted to file supplemental briefs, not to exceed twenty-five pages, on or before July 31, 2023. Any further briefing will be subject to the Court's approval.

DATED this 13th day of June, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge