**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 22-cv-02637-RM-SKC

PHELPS OIL AND GAS, LLC, on behalf of itself and a class of similarly situated royalty owners,

    Plaintiff,

v.

NOBLE ENERGY, INC., and
DCP MIDSTREAM, LP

    Defendants.

---

## ORDER
---

This matter is before the Court following Plaintiff's unsuccessful interlocutory appeal of the Court's June 13, 2023, Order (ECF No. 36) denying its Motion to Remand the case to state court. It is now the law of the case that the Court has subject-matter jurisdiction. In the June Order, the Court stated that it discerned no reason why the Court's previously vacated final judgment and orders (entered by now Senior Judge Robert E. Blackburn in Civil Case No. 14-cv-02604-REB-SKC) could not be re-entered in Defendants' favor. Nonetheless, given the procedural posture and history of the case and the fact that the vacated final judgment had been entered more than three-and-a-half years ago, the Court provided an opportunity for supplemental briefing by the parties before proceeding. That briefing is now complete. (ECF Nos. 73, 74, 78.) For the reasons below, the Court adopts four of Judge Blackburn's Orders from Civil Case No. 14-cv-02604-REB-SKC, issues identical rulings on the re-filed Motions now

pending in this case, and directs the Clerk to enter final judgment in Defendants' favor.

## I.   BACKGROUND

Defendant Noble Energy ("Noble") produces natural gas from wells in Colorado and sells it to Defendant DCP Midstream ("DCP") pursuant to various percentage of proceeds ("POP") agreements.  DCP processes and sells the gas in various forms and retains a share of the sales proceeds as compensation for its services.  Royalty owners such as Plaintiff receive royalties from Noble for the gas produced.  A class action settlement known as the Holman Settlement governs the method by which the royalties owed to Plaintiff and the other members of the class were to be calculated from January 1, 2008, going forward.  As pertinent here, the Holman Settlement requires Noble to pay Plaintiff royalties based on fifty percent of the proceeds retained by DCP and on a hundred percent of the proceeds paid to Noble.

In 2008, Noble commissioned an audit of DCP which identified potential underpayments of about $34 million.  In March 2010, Defendants executed another agreement, known as the DCP Settlement, which modified the terms of the POP agreements and obligated DCP to expend $17.5 million on modifications to its facilities.  These modifications were intended to increase DCP's production capacity and, commensurately, the revenue Noble would receive under the POP agreements going forward.

In August 2014, Plaintiff filed its original class action Complaint in state court, asserting claims against Defendants for, inter alia, breach of contract and unjust enrichment.  Central to its case is the allegation that the DCP Settlement shortchanged the Holman Settlement class out of royalties they were owed.

The following month, DCP removed the case to this Court based on diversity jurisdiction,

where it was assigned to Judge Blackburn. Plaintiff filed a motion to remand, arguing that the $75,000 amount-in-controversy requirement was not met, *see* 28 U.S.C. § 1332(a), but Judge Blackburn denied the motion.

The litigation proceeded for about five years, during which Plaintiff filed its Revised First Amended Class Action Complaint (ECF No. 5) and Judge Blackburn dismissed or granted summary judgment on all Plaintiff's claims except its breach of contract claim against Noble and its unjust enrichment claim against DCP. In September 2019, Judge Blackburn granted summary judgment in Defendants' favor on these remaining claims and entered final judgment.

Plaintiff appealed. The United States Court of Appeals for the Tenth Circuit agreed with Plaintiff's jurisdictional argument, concluding that the amount-in-controversy requirement could not be satisfied by Plaintiff's claim alone; nor could the requirement be satisfied "based on contingent, speculative, or collateral claims that could possibly occur as a result of the judgment." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1127 (10th Cir. 2021). Therefore, the Tenth Circuit reversed the district court's denial of Plaintiff's motion to remand without addressing the merits of Plaintiff's other arguments. *Id.* at 1129.

On remand, Judge Blackburn vacated several orders and the final judgment and remanded the matter to the District Court for the City and County of Denver, Colorado.

In October 2022, DCP removed the case a second time, this time based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The new case was assigned to a different district judge. (ECF No. 11.) Plaintiff's attempts to have the case remanded to state court have failed, the dispositive motions from the previous case have been re-filed here, and supplemental briefing has been completed.

3

## II. DISCUSSION

In its Supplemental Brief (ECF No. 78), Plaintiff stands by its responses to the Motion to Dismiss and Motion for Summary Judgment by DCP (ECF Nos. 37, 55).  In the absence of any showing that Judge Blackburn's handling of these claims was improper or that matters have materially changed since he ruled on them, the Court discerns no reason why the rulings pertaining to them should not be reinstated.  The Court turns now to Plaintiff's limited objections to Judge Blackburn's other Orders that are set forth in its Supplemental Brief.

Plaintiff first argues that Judge Blackburn erred in his September 2017 Order granting summary judgment in Noble's favor because he did not address its claim that DCP had retained substantially greater proceeds than it was permitted to retain under the terms of the POP agreements, and therefore "Noble breached its 50 percent obligation to [Plaintiff] by failing to pay [Plaintiff] royalties based upon 50 percent of the sale proceeds actually retained by DCP between January 1, 2008 and January 1, 2010."  (ECF No. 78 at 3.)  Plaintiff further argues that Judge Blackburn "did not reference any part of the substantial evidence" submitted in its Opposition to Noble's Motion for Summary Judgment.  (*Id.* at 2.)  However, aside from citing its Opposition, Plaintiff does not describe or explain what evidence creates a genuine issue of material fact with respect its breach of contract claim.  The Opposition relies heavily on Noble's audit of DCP and its determination that DCP could be liable for $34 million in underpayments. But Judge Blackburn expressly rejected the notion that the audit conclusively established the actual value of Noble's claims against DCP.  The Court agrees that this was merely a bargaining position adopted by Noble and that Noble was not contractually obligated to pay royalties based on this amount.  Accordingly, Plaintiff has not shown there is a genuine issue of material fact

4

precluding granting summary judgment in Noble's favor on Plaintiff's claim that it breached the fifty percent obligation portion of the Holman Settlement.

Next, Plaintiff contends that Judge Blackburn should have revised his September 2017 Order when he ruled on Plaintiff's Motion to Amend or Clarify in September 2018. But again, Plaintiff fails to specify or explain what "extensive evidence" raises a genuine issue of material fact with respect to its breach of contract claim. (ECF No. 78 at 3.) Plaintiff's reliance on allegations in the operative Complaint is misplaced at the summary judgment stage, where Plaintiff must adduce some evidence in support of its claims. Plaintiff's contention that Noble failed to prove that it correctly paid royalties under the fifty percent obligation also misses the mark, as Noble did not need to disprove Plaintiff's claim to prevail on its motion for summary judgment. Accordingly, the Court sees no reason why Judge Blackburn should have revived this part of Plaintiff's breach of contract claim in his September 2018 Order.

Finally, Plaintiff contends that Judge Blackburn erred by concluding it could not recover royalties based on the $17.5 million DCP agreed to expend as consideration under the DCP Settlement. Plaintiff contends that Judge Blackburn misapplied *Watts v. Atlantic Richfield Co.*, 115 F.3d 785 (1997), when he concluded Plaintiff had not established that Noble received a benefit from the $17.5 million that was independent of increased production and resulting revenue. The Court is not persuaded by this argument, either.

In *Watts*, the Tenth Circuit held that the royalty of a lessor such as Plaintiff "extends to any settlement in which a producer receives consideration for compromising its pricing claim, assuming of course that the pricing claim relates to either past or future production actually taken by the settling purchaser." 115 F.3d at 793. That principle is not violated here, where Plaintiff

has not established that the $17.5 million constituted consideration for the settlement of a pricing claim by Noble. Rather, Judge Blackburn found the expenditures—which were primarily for Noble's benefit and over which Noble exercised some control—were meant to increase production and resulting revenue, thereby benefiting Noble after January 1, 2010. Judge Blackburn further found there was no evidence the funds were used to pay for costs that otherwise would have been incurred by Noble or that DPC's improvements to its own infrastructure would provide any additional benefit to Noble aside from increased production and resulting revenues. Plaintiff has not shown these determinations were erroneous, and therefore the Court agrees with Judge Blackburn's assessment that Noble is entitled to summary judgment on this part of Plaintiff's breach of contract claim.

### III.   CONCLUSION

Although Judge Blackburn's dispositive rulings on the merits of this case were issued years ago, they have stood the test of time. Now that the jurisdictional intricacies of this case have been worked out and the parties have been given an opportunity to respond, the Court ADOPTS the following Orders from Civil Case No. 14-cv-02604-REB-SKC:

(1)   Order Adopting Recommendation of the United States Magistrate Judge (ECF No. 174);

(2)   Order Concerning Motions for Summary Judgment (ECF No. 196);

(3)   Order Concerning Motion to Amend or Clarify (ECF No. 213); and

(4)   Order Concerning Motions for Summary Judgment (ECF No. 253).

The Clerk is directed to ENTER these Orders in this case, pursuant to which the Court rules as follows on the Motions that are now pending in this case:

(1) DCP's Motion to Dismiss (ECF No. 37) is GRANTED as to Plaintiff's claims for conversion and civil theft but otherwise DENIED;

(2) Noble's Corrected Motion for Summary Judgment (ECF No. 42) is GRANTED IN PART and DENIED IN PART;

(3) Plaintiff's Motion to Amend or Clarify (ECF No. 47) is GRANTED IN PART and DENIED IN PART;

(4) Plaintiff's Revised Motion for Partial Summary Judgment (ECF No. 50) is DENIED;

(5) DCP's Motion for Summary Judgment (ECF No. 55) is GRANTED; and

(6) Noble's Motion for Summary Judgment (ECF No. 59) is GRANTED.

The Clerk is directed to enter FINAL JUDGMENT in Defendants' favor and CLOSE this case.

DATED this 15th day of December, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge